**In the Matter of the Arbitration Proceedings Between DULUTH POLICE UNION, (Dennis England, grievant), Respondent,**

v.

**CITY OF DULUTH, Appellant.**

**No. C3–84–1748.**

Court of Appeals of Minnesota.

Jan. 8, 1985.

**368**

James N. Abelsen, Duluth, for respondent.

John E. Smedberg, Asst. City Atty., Duluth, for appellant.

Considered and decided by POPOVICH, C.J., and RANDALL and CRIPPEN, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

The City of Duluth appeals the trial court's determination that an arbitrator was within her authority when she awarded grievant Dennis England restored to his position as School Liaison Officer in the Juvenile Aid Bureau. The City contends the arbitrator exceeded her powers (1) by adding provisions from the police manual to the collective bargaining agreement, (2) by modifying the agreement language which provided management shall consider seniority in making assignments, (3) by exceeding the essence of the contract to effectively negate the City's inherent management right to reassign employees, and (4) by adding a new classification of employee to the agreement contrary to the

Duluth Civil Service Ordinance. We affirm.

## FACTS

Grievant Dennis England has worked as a police officer for the City of Duluth since 1960. He was a patrol officer until 1972 when he was assigned to the Juvenile Aid Bureau. On November 22, 1983, he was reassigned from School Liaison Officer in the Juvenile Aid Bureau to patrol. At that time, he was the most senior employee at the Juvenile Aid Bureau. Except for one desk duty officer, he was the most senior officer in his patrol group. The Duluth Police Union, on behalf of England, challenged his assignment to uniform patrol. The matter was submitted to arbitration.

The Union argued that the Chief of Police did not consider the seniority provisions of the collective bargaining agreement and he violated the requirements in the police department manual and a clear past practice. The City claims the dispute was not grievable because the Chief was exercising inherent management rights.

The arbitrator found and the Union conceded the City's right to transfer and reassign employees. The arbitrator determined the City's method of choosing who was to be transferred was the main issue and the Chief's choice was limited by the seniority provisions of the collective bargaining agreement between the City and the Duluth Police Local.

Article 5 of the collective bargaining agreement provides:

> The Employer and Union recognize and agree that except as expressly modified in this agreement, the Employer has and retains all rights and authority necessary for it to direct and administer the affairs of the Police Department * * * [including the right] to assign and transfer employees * * *.

Article 40 provides:

> The Employer and Union agree with the principle that seniority shall be a factor in making assignments.

After determining management's right to assign was not totally discretionary under the contract, the arbitrator concluded reassignments were grievable and arbitrable citing *Minneapolis Federation of Teachers v. Minneapolis Special School District No. 1*, 258 N.W.2d 802 (Minn.1977).

The arbitrator also concluded Duluth's Police Department Manual contained additional factors for consideration when making assignments, relying on section 290.20, which provides:

> Allocation of personnel to specific assignments is made with the aim of establishing optimum effectiveness within the Department while recognizing the needs, ability, and preference of individual employees.

Finally, the arbitrator found a "clear and longstanding past practice" relating to seniority and concluded this practice governed reassignments. She found that once a patrol officer moves from an entry level patrol position to a specialty position, the officer is never reassigned except "for cause." Cause included discipline, other articulable reasons, and the officer's preference.

After determining the City's right to reassign was limited by the collective bargaining agreement, the police manual, and past practice, the arbitrator considered England's reassignment on the merits and restored him to his position as School Liaison Officer in the Juvenile Aid Bureau.

## ISSUE

Did the arbitrator exceed her authority within the meaning of Minn.Stat. § 572.19, subd. 1(3) (1982) by holding the City's right to reassign employees was not totally discretionary because of the seniority clause, the factors listed in the police manual, and past practice?

## ANALYSIS

■ The City urges us to find that the arbitrator exceeded her authority. Minn. Stat. § 572.19, subd. 1(3) (1982) permits a court to vacate an arbitration award when

"[t]he arbitrators exceeded their powers." The arbitrator properly concluded that reassignments were grievable and arbitrable because the seniority provision effectively limits the City's right to assign. *See Minneapolis Federation of Teachers*, 258 N.W.2d at 806.

■ 1. The City contends the arbitrator exceeded her power by unilaterally adding provisions from the police manual to the collective bargaining agreement. In making an award under a collective bargaining agreement, the Minnesota Supreme Court requires only that the arbitrator draw its "essence" from the contract. *Ramsey County v. AFSCME Council 91*, 309 N.W.2d 785, 790 (Minn.1981).

The labor arbitrator's source of law is not confined to the express provisions of the contract, as the industrial law—the practices of the industry and the shop—is equally a part of the collective bargaining agreement although not expressed in it.

*Id.* at 791 (quoting *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 581–82 (1960)). The arbitrator did not err in using the manual as a source of law.

■ 2. The City next contends the arbitrator exceeded her power by replacing an Article 40 clause which states that management shall consider seniority in making assignments with a clause she devised providing that no assignment can be made except for cause. We do not believe the arbitrator replaced a clause in the agreement. Rather, she found a "clear and long-standing past practice" governing assignment after an officer moves from an entry level patrol position. The practice indicated how management considers seniority. In any event, past practices may be considered by an arbitrator.

In resolving industrial strife, his function is to ascertain the parties' intended standard of behavior. Certainly the express provisions of the contract evidence this intent. The contract is not, however, the sole evidence of the parties' will; *the conduct of the parties is likewise indicative of their mutual intent.*

*Ramsey County*, 309 N.W.2d at 791 (emphasis added). The arbitrator properly considered past practice.

■ 3. The City also contends the arbitrator exceeded her power because her decision exceeded the essence of the contract and effectively negated the City's inherent management right to reassign employees. We do not agree. The Union conceded and the arbitrator affirmed the City's right to transfer and reassign personnel. The arbitrator found, however, that this right was limited by the seniority clause, the police manual, and past practice. The City's right to reassign employees was not negated.

■ 4. Finally, the City contends the arbitrator exceeded her power by adding a new classification of employee to the collective bargaining agreement, in violation of Duluth Civil Service Ordinance § 13–22. The ordinance governs the establishment of new positions and the changing of duties for existing positions. When the arbitrator referred to "specialty positions" she neither created a new position nor changed the duties of an old one. She merely described positions which are already in existence. The ordinance is inapplicable and was not violated.

## DECISION

The arbitrator did not exceed her powers within the meaning of Minn.Stat. § 572.19, subd. 1(3) (1982). The award is rationally derived from the collective bargaining agreement and other indicia of the parties' intent, including the police manual and past practice.

Affirmed.